UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY,<br><br>              Petitioner,<br><br>   v.<br><br>JOE LIZARRAGA,<br><br>             Respondent. | CASE NO. C16-5039 BHS-KLS<br><br>ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND HABEAS PETITION |

Petitioner Antwone Dornell Goolsby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the Eastern District of California. Dkt. 1. At the time he filed his petition in November 2015, petitioner submitted his prisoner trust account statement dated June 25, 2015. Dkt. 2. The case was transferred to this Court on January 14, 2016. Dkt. 5. On March 18, 2016, petitioner filed an application for leave to proceed in forma pauperis (IFP). Dkt. 10. The IFP application was granted under separate Order. The Court has reviewed the habeas petition and has determined that it will not direct service of the petition because it appears that petitioner has not yet exhausted his state court remedies and his petition may be time-barred.

1  Based on previous cases filed in this Court, the Court is aware that petitioner was

2 convicted in Pierce County Superior Court of three murders and sentenced to life in prison in

3 2012.  *See, e.g.,* Case No. 14-5577 RBL-JRC, Dkt. 17, at 2.  In Case No. 14-5577, the undisputed

4 facts reflect that the Pierce County Prosecutor's Office sent the Department of Corrections

5 (DOC) a letter explaining that petitioner's victims were potentially "Hilltop Crips" gang

6 members and that petitioner had connections to the "Compton Crips."  Dkt. 17-1 p. 10 in Case

7 No. 14-5577.  The prosecutor's office suggested out-of-state placement for petitioner.  The

8 prosecutor's suggestion was based on security considerations.  The last time petitioner was

9 housed in the state of Washington he was assaulted by "Hilltop Crips." . *Id.*, at 10.  On July 11,

10 2012, the DOC received a letter from petitioner asking that he be allowed to serve his sentence in

11 Nevada. *Id.*, at 12.  On July 18, 2012, Classification Administrator Liza Rohrer told petitioner

12 that she would contact Nevada, but that nothing could move forward until petitioner had been

13 classified. *Id.*, at 14.   According to Ms. Rohrer, Nevada decided not to house petitioner based

14 on security concerns. *Id.*, at 4.  The DOC transferred petitioner to California on July 12, 2013.

15 *Id.*

16  Petitioner also previously filed a habeas petition in this Court, wherein he claimed he was

17 not competent to enter into any plea agreement.  The state argued that his claims were

18 unexhausted and untimely.  According to the State, petitioner's conviction became final for

19 purposes of federal law on June 10, 2012, when the 30 days allotted by state rules to file an

20 appeal expired, and the statute of limitations expired on August 5, 2013 (one year later, plus

21 tolling while the state court considered petitioner's motion to withdraw his guilty plea).  *See* Dkt.

22 9, at 7-8 in Case No. 14-5643 RJB-JRC.  This Court did not reach the merits of the petition or

23 the procedural issues, however, and petitioner was allowed to withdraw his petition without

24

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND HABEAS PETITION- 2

prejudice because he claimed that he did not sign the petition. Dkt. 13, 14 in Case No. 14-5643 RJB-JRC.

In this case, petitioner again purports to challenge the validity of his plea agreement and this time, petitioner contends that he only pled guilty "in return" for being sent to Nevada. Despite this alleged agreement, he was sent to California where, he contends, he is the victim of an "illegal compact," is being denied access to Washington law and its courts, and is being kept in a "racially unsanitized environment for spite," and in violation of his Eighth Amendment rights. Dkt. 1. Petitioner states that he appealed his conviction to the Washington Court of Appeals, where his conviction was affirmed. Dkt. 1 at 3. In that appeal, petitioner raised only one issue – that is, whether the trial court erred in instructing the jury on the street gang aggravating factors. He did not appeal his conviction to the Washington Supreme Court and it appears that he never raised the issue of the validity of his plea agreement in the appellate courts of Washington.

Petitioner is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner must also explain why he believes his petition should not be dismissed as untimely because it was filed beyond the one year statute of limitations established in 28 U.S.C. § 2244(d).

Accordingly, the Court shall not serve the petition. Petitioner shall file by no later than **April 29, 2016**, an amended petition under 28 U.S.C. § 2254 showing that his petition is timely, that his grounds for federal relief have been properly exhausted in state court, and otherwise show cause why this matter should not be dismissed. The Clerk shall send a copy of this Order to petitioner and the Court's form petition for 28 U.S.C. § 2254 petitions.

**DATED** this 30th day of March, 2016.

Karen L. Strombom
United States Magistrate Judge