UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTWONE DORNELL GOOLSBY,

                      Petitioner,

    v.

JOE LIZARRAGA,

                      Respondent.

No. C16-5039 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted For: June 17, 2016**

      Petitioner Antwone Dornell Goolsby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the Eastern District of California. Dkt. 1. After the case was transferred to this Court, the undersigned reviewed the petition and directed petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust state judicial remedies. The Court also directed petitioner to explain why he believes his petition should not be dismissed as untimely because it was filed beyond the one year statute of limitations established in 28 U.S.C. § 2244(d). Dkt. 13.

      Mr. Goolsby responded by filing a "motion to consolidate issues and order of mandate to defer judgment." Dkt. 14. He asks the Court to defer judgment to allow him leave to exhaust his administrative remedies and to be heard on the merits. *Id.* The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Based on previous cases filed in this Court, the Court is aware that petitioner was convicted in Pierce County Superior Court of three murders and sentenced to life in prison in 2012. *See, e.g.,* Case No. 14-5577 RBL-JRC, Dkt. 17, at 2. In Case No. 14-5577, the undisputed facts reflect that the Pierce County Prosecutor's Office sent the Department of Corrections (DOC) a letter explaining that petitioner's victims were potentially "Hilltop Crips" gang members and that petitioner had connections to the "Compton Crips." Dkt. 17-1 p. 10 in Case No. 14-5577. The prosecutor's office suggested out-of-state placement for petitioner. The prosecutor's suggestion was based on security considerations. The last time petitioner was housed in the state of Washington he was assaulted by "Hilltop Crips." *Id.*, at 10. On July 11, 2012, the DOC received a letter from petitioner asking that he be allowed to serve his sentence in Nevada. *Id.*, at 12. On July 18, 2012, Classification Administrator Liza Rohrer told petitioner that she would contact Nevada, but that nothing could move forward until petitioner had been classified. *Id.*, at 14. According to Ms. Rohrer, Nevada decided not to house petitioner based on security concerns. *Id.*, at 4. The DOC transferred petitioner to California on July 12, 2013. *Id.*

Petitioner also previously filed a habeas petition in this Court, wherein he claimed he was not competent to enter into any plea agreement. The state argued that his claims were unexhausted and untimely. According to the State, petitioner's conviction became final for purposes of federal law on June 10, 2012, when the 30 days allotted by state rules to file an appeal expired, and the statute of limitations expired on August 5, 2013 (one year later, plus tolling while the state court considered petitioner's motion to withdraw his guilty plea). *See* Dkt. 9, at 7-8 in Case No. 14-5643 RJB-JRC. This Court did not reach the merits of the petition or

REPORT AND RECOMMENDATION - 2

the procedural issues, however, and petitioner was allowed to withdraw his petition without prejudice because he claimed that he did not sign the petition. Dkt. 13, 14 in Case No. 14-5643 RJB-JRC.

In this case, petitioner again purports to challenge the validity of his plea agreement and this time, petitioner contends that he only pled guilty "in return" for being sent to Nevada. Despite this alleged agreement, he was sent to California where, he contends, he is the victim of an "illegal compact," is being denied access to Washington law and its courts, and is being kept in a "racially unsanitized environment for spite," and in violation of his Eighth Amendment rights. Dkt. 1. Petitioner states that he appealed his conviction to the Washington Court of Appeals, where his conviction was affirmed. Dkt. 1 at 3. In that appeal, petitioner raised only one issue – that is, whether the trial court erred in instructing the jury on the street gang aggravating factors. He did not appeal his conviction to the Washington Supreme Court and it appears that he never raised the issue of the validity of his plea agreement in the appellate courts of Washington.

## DISCUSSION

Petitioner was advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8

REPORT AND RECOMMENDATION  - 3

(1992).  In addition, petitioner has provided no explanation for why he filed his petition beyond the one year statute of limitations established in 28 U.S.C. § 2244(d).

### CONCLUSION

The undersigned recommends that the petition (Dkt. 1) be **dismissed without prejudice** to the filing of a federal habeas petition after Mr. Goolsby has exhausted his state judicial remedies**.**  An evidentiary hearing is not necessary.  The Court also recommends **DENYING** petitioner's motion for consolidation of issues (Dkt. 14) and **DENYING** issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 17, 2016**, as noted in the caption.

**DATED** this 31st day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4